Filed 9/11/15  William T. v. Superior Court CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| WILLIAM T., <br><br> Petitioner, <br><br> v. <br><br> THE SUPERIOR COURT OF KINGS COUNTY, <br><br> Respondent; <br><br> KINGS COUNTY HUMAN SERVICES AGENCY, <br><br> Real Party in Interest. | F071885 <br><br> (Super. Ct. No. 13JD0008) <br><br><br> **OPINION** |

### THE COURT[*]

ORIGINAL PROCEEDING; petition for extraordinary writ review.  James LaPorte, Judge.

William T., in pro. per., for Petitioner.

No appearance for Respondent.

Colleen Carlson, County Counsel, and Juliana F. Gmur, Deputy County Counsel, for Real Party in Interest.

-ooOoo-

---

[*]    Before Kane, Acting P.J., Poochigian, J. and Smith, J.

William T. in propria persona seeks extraordinary writ review of the juvenile court's order issued at a post-permanency plan review hearing setting a Welfare and Institutions Code section 366.26[1] hearing as to his 11-year-old son, Johnathan.  We conclude William's writ petition fails to comply with California Rules of Court, rule 8.452 which governs the content requirements of the extraordinary writ petition and dismiss the petition as facially inadequate for appellate review.

**PROCEDURAL AND FACTUAL SUMMARY**

In May 2013, the juvenile court ordered then nine-year-old Johnathan removed from the custody of his mother, Jamie, and father, William, because of Jamie's substance abuse.  The juvenile court ordered reunification services for Jamie but not for William.

In March 2014, the juvenile court terminated Jamie's reunification services and in July 2014, at a section 366.26 hearing, ordered Johnathan to remain in foster care with a goal of legal guardianship.  At the post-permanency plan review hearing (hereafter "the review hearing") in January 2015, the juvenile court found that foster care was the appropriate permanent plan for Johnathan and ordered him to remain with his foster parents.

However, in its report for the review hearing scheduled for June 2015, the Kings County Human Services Agency (agency) advised the juvenile court that Johnathan's foster parents wanted to pursue legal guardianship and Johnathan wanted to remain in their care.  In addition, William had not inquired about Johnathan's well-being or made any effort to regain custody of him.  Consequently, the agency recommended the juvenile court set a section 366.26 hearing to consider a long-term plan of legal guardianship.

William appeared at the June 2015 review hearing through his attorney who submitted on the agency's recommendation.  The juvenile court set a section 366.26 hearing for October 2015.

---

**1**     All further statutory references are to the Welfare and Institutions Code.

This petition ensued.

## DISCUSSION

In his petition, William essentially contends he was never given a chance to regain custody of Johnathan and objects to the termination of his parental rights. He claims he was not notified when Johnathan was taken into protective custody and refutes the agency's assertion that he was a threat to Johnathan. He appears to be arguing that the social worker mistakenly believed that he violated his parole by having contact with Johnathan. Had the social worker conferred with his parole officer, he asserts, she would have discovered that he was not prohibited from having contact with Johnathan.

As a preliminary matter, we note that the appellate record is scant with respect to the child welfare and legal history of the case. Nevertheless, there is a reference to a no-contact order concerning Johnathan. Apparently the issue arose in October 2014 when William requested visitation. The social worker inquired about the status of the order and William's parole officer told her the order had been lifted, but that William was restricted from leaving Riverside County without prior arrangement.

However, the status of the no-contact order, as well as whether William was notified of Johnathan's initial removal or whether William was a threat to Johnathan, are not relevant to these proceedings as we now explain.

The purpose of writ proceedings such as these is to facilitate review of a juvenile court's order setting a section 366.26 hearing to select and implement a permanent plan for a dependent child. (Cal. Rules of Court, rule 8.450(a).) California Rules of Court, rule 8.452 requires a petitioner challenging the setting order to identify specific points of error and support them with argument, citation to legal authority and citation to the record. (Cal. Rules of Court, rule 8.452(b).)

Here, the juvenile court set a section 366.26 hearing to review a new permanent plan for Johnathan; i.e., legal guardianship. William would have to address in his petition

3.

how the juvenile court was wrong to set the hearing. Instead, he raises issues that the juvenile court decided long ago and which are no longer reviewable by this court.

Since William does not argue the juvenile court was wrong for setting the section 366.26 hearing, his petition does not comply with California Rules of Court, rule 8.452. Therefore, we must dismiss the petition as inadequate for our review.

## DISPOSITION

The petition for extraordinary writ is dismissed. This opinion is final as to this court.